IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL LEDELL TURNER,

                Plaintiff,

   v.

                                                          OPINION and ORDER

TAYLOR COUNTY, SHERIFF LARRY
WOEBBEKING, CHIEF DEPUTY COREY DASSOW,                 23-cv-229-wmc[1]
JAIL SGT. KREE, SGT. TURNER, and FLOOR
OFFICER ABBY SACKMAN,

                Defendants.

---

      Pro se plaintiff Michael Turner, a black man, is a pretrial detainee who was detained at the Taylor County Jail at the times relevant to his complaint. Turner alleges that jail officials discriminated against him and wrongfully disciplined him. Because Turner proceeds in forma pauperis, I must screen his complaint under 28 U.S.C. § 1915(e)(2)(B). I must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Turner's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a claim upon which relief may be granted, but I will allow Turner to file an amended complaint to fix the problems identified in this order.

---

[1] I am exercising jurisdiction over this case solely for screening purposes.

ALLEGATIONS OF FACT

Five white males threatened Turner, but defendant Sackman and unknown officers ignored the "racial discrimination issue." These officers wrongfully disciplined Turner based on that incident, after which Turner was placed in isolation for a month. Turner filed grievances to defendants Kree, Sergeant Turner, and Dassow, who approved of the officers' actions. Kree, Sergeant Turner, and Dassow ordered Turner to stay in isolation because of an incident that happened at another jail two years earlier. Kree and Sergeant Turner are denying Turner criminal discovery, which all other prisoners at the jail receive.

ANALYSIS

A. Equal protection

1. Racial discrimination

The basic rule is that to state an equal protection claim, a prisoner must allege that defendants mistreated him because of his race. *See Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). Turner must allege enough facts to support a reasonable inference of discriminatory intent. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 886 (7th Cir. 2012).

Turner alleges that white prisoners threatened him, presumably because of his race, and that Sackman and unknown officers ignored the discrimination. Turner adds that these officers wrongfully disciplined him based on that incident. But Turner does not allege that Sackman and the unknown officers ignored the discrimination because Turner is black, and his allegations are too conclusory to support this inference. I will not allow Turner to proceed on an equal protection claim against Sackman and the unknown officers.

2

### 2. Class of one

Turner alleges that Kree and Sergeant Turner are denying him access to his discovery materials for his case of conviction, which all other prisoners at the jail receive. Turner does not allege that Kree and Sergeant Turner denied him discovery access because he is black, *see Donaldson v. City of Chicago*, 784 F. App'x 957, 960 (7th Cir. 2019), so I will analyze this equal protection claim under a "class of one" theory. To state a class-of-one equal protection claim, Turner "must allege that he was intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012).

Turner alleges that Kree and Sergeant Turner intentionally treated him differently than other prisoners. But Turner has not alleged that he was similarly situated to the other prisoners or that there was no rational basis for the difference in treatment, and his allegations are too conclusory to support this inference. I will not allow Turner to proceed on a class-of-one protection claim.

### B. Due process

Turner alleges that Sackman and the unknown officers wrongfully disciplined him after the incident with the white prisoners, after which he was placed in isolation, and that Kree, Sergeant Turner, and Dassow approved the officers' actions. Turner adds that Kree, Sergeant Turner, and Dassow placed him in isolation because of a previous incident at another jail.

Although "it is permissible to punish a pretrial detainee for misconduct while in pretrial custody, that punishment can be imposed only after affording the detainee some sort of procedural protection." *Rapier v. Harris*, 172 F.3d 999, 1005 (7th Cir. 1999). A "particular measure amounts to punishment when there is a showing of express intent to punish on the

3

part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose." *Id.* If a pretrial detainee's segregation is punishment, he is entitled to: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). "[S]ome evidence" must support the disciplinary action. *See Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985).

I will assume for screening purposes that Turner was placed in isolation to punish him. But Turner has not alleged that he failed to receive procedural protections before being placed there. So I will not allow him to proceed on his due process claim.

**C. Defendants Woebbeking, Taylor County, and the unknown officers**

I will not allow Turner to proceed against Woebbeking because he fails to allege that Woebbeking was involved in the alleged constitutional violations. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability . . . requires personal involvement in the alleged constitutional deprivation." (alteration adopted)). I will not allow Turner to proceed against the unknown officers because he failed to name them as defendants in the complaint's caption. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005). I will not allow Turner to proceed against Taylor County because I have dismissed his constitutional claims against the individual defendants. *See Swanigan v. City of Chicago*, 775 F.3d 953, 962 (7th Cir. 2015). In any case, Turner has not alleged that Taylor County had a policy or custom that caused

these alleged constitutional deprivations. *See Montano v. City of Chicago*, 535 F.3d 558, 570 (2008).

## CONCLUSION

I will allow Turner to file an amended complaint that fixes the above problems. In drafting his amended complaint, Turner should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation of his constitutional rights. Turner must take care to allege what each defendant did, or failed to do, to violate his constitutional rights.

- Turner should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Turner believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims wishes to assert.

## ORDER

IT IS ORDERED that:

1. Plaintiff Michael Ledell Turner's complaint, Dkt. 1, is DISMISSED for failure to state a claim upon which relief may be granted.

2. Plaintiff may have until June 22, 2023, to submit an amended complaint that fixes the above problems.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form

completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. The court expects the parties to treat each other and the court with respect. Any abusive or threatening comments or conduct may result in sanctions, including entry of judgment against the offending party.

7. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed for failure to prosecute.

8. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

9. The clerk of court is directed to send plaintiff copies of this order and the court's prisoner complaint form.

Entered May 23, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge